LAND, J.
 

 Defendants are charged with breaking and entering the store or shop of J. N. Jones in the nighttime of March 10,1928, with intent to steal the goods therein found.
 

 Both defendants were tried by jury and convicted. The defendant Sam Ward was sentenced to serve a term of three to nine years in the state penitentiary and the defendant Ed Moore was sentenced to serve a
 
 term of two to
 
 six years in the state penitentiary, upon recommendation by the jury that the last defendant be shown the mercy of the court.
 

 The record contains two bills of exception for review on appeal.
 

 Bill No. 1.
 

 The per curiam to this bill reads as follows:
 

 “The state at the outset of the tidal had
 
 quite
 
 a number or lot of burglary tools brought into the court and placed in front of the jury; also a lot of merchandise, consisting of shirts, hats, coats, overalls, two coats belonging to ladies, hosiery, ties, and several remnants of piece goods. The testimony was that the tools were taken from the ear of the accused Ward on the day following-the burglary, at the same time the goods and merchandise were taken from the home of the accused Ward. The defendant Ward did not take the stand, but his wife was called as a witness in behalf of the defendant, and on cross-examination by the state she answered that she had seen some of the burg'lary tools on other occasions in the possession of her husband, and she admitted, on cross-examination by the state, the defendants not objecting, that the goods and merchandise belonged to her husband and herself; that she did not know who had removed the labels from the goods, and she answered that they had not been worn. During the cross-examination the district attorney opened a suitcase, also taken from the home of the accused Ward, and took the goods therefrom, consisting mostly of ladies’ goods, and asked Mrs. Ward to whom they belonged, and how they had been acquired; she answering that her husband had given them to her some time last fall. The defense rested, and the state put witness Shelton on the stand in rebuttal, and offered to show that the goods, those taken, from the suitcase, were his goods and had been stolen from him last fall.
 

 “The identity of the goods in question was not shown by direct testimony in chief by the state.
 

 “I admitted this testimony over the objection of the defendants, for the purpose of impeaching the testimony of Mrs. Ward, and, in addition to the explanations made at the time, in my general charge to the jury, I delivered this special charge, to wit: ‘Evidence of the possession of stolen goods, not connected with the case, is not proof of the burglary charge, but may be considered for the purpose of impeaching the testimony of a witness for the defense.’-”
 

 In State v. Morgan, 129 La. 154, 55 So. 747, it was held that evidence of other burglaries, committed at or about the same time, was admissible to prove system and intent.
 

 In the Morgan Case, State v. Williams et al., Ill La. 179, 35 So. 505, is cited, and the following excerpt from the opinion in that ease is quoted:
 

 “Whilst, as a' general rule, a distinct crime, unconnected with the one charged in the indictment, cannot be given in evidence, exceptions to that rule arise -when it becomes necessary to rebut the possible -inference of accident, or to prove the intent with which the act charged was committed.”
 

 The rule is stated as follows in Wharton’s Criminal, Evidence, vol. 1 (10th Ed.) § 36:
 

 “In many criminal offenses, intent is the essence of the crime, and, where not established, the prosecution fails. In crimes malum in se, intent is presumed; but, where not a matter of presumption, it must be proven as any other fact. Where intent is material, the acts, declarations, and conduct of the accused are relevant to show that intent. Hence evidence of collateral offenses is admissible, on the trial of the main charge, to prove the intent. To be admissible as relevant, such offenses need not be exactly concurrent; but if committed within such time, or show such relation to the main charge, as to make connection obvious, such offenses are admissible to show intent.”
 

 The burglary of Shelton’s store on November 15, 1927, and the burglary of J. N. Jones’ store on March 10,1928, for which defendants were tried, cannot be said to be parts of one
 
 *809
 
 entire transaction, as they are separate and independent crimes, committed against different persons at an interval of four months apart. There is nothing in the record to show that these crimes are a part of a system. Nor are they so mutually connected or interdependent that the proof of one is not coherent without the evidence of the other. On the contrary, the goods stolen from Jones’ store •were found in the possession of one of the defendants, Sam Ward, and burglar tools were also discovered in his possession at the same time.
 

 In State v. Bates, 46 La. Ann. 851, 15 So. 204. it is said:
 

 “The general rule is that, when a man is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that other offenses committed by him are wholly excluded; therefore the introduction of collateral evidence of extraneous crimes to show intent, motive, guilty knowledge, are exceptions to this general rule, and, in order that this evidence be admissible at all, it must bear directly and materially upon, and have some connection with, the issue before the jury. [Authorities.]
 

 “There is no doubt that, for certain purposes and under certain circumstances, evidence is admissible of the perpetration by the defendant of a crime 'other than the one with which he is charged. The general rule, however, is against the introduction of such evidence, and the exceptional circumstances, which justify a departure from the rule, should be clear and very convincing. This statement of the proposition shows that each case must, to a great extent, be passed upon in view of its own special facts.”
 

 Under the circumstances, the evidence as to the burglary of Shelton's store was not admissible at all for any purpose, and was,' therefore, erroneously received for the restricted purpose of impeachment of defendant’s witness, who had been interrogated on cross-examination by the district attorney as to the ownership of the goods stolen from the Shelton store, a matter immaterial and irrelevant upon the trial of the present charge against defendants. It is well settled that, where a witness is cross-examined on a matter collateral to the issue, his answer cannot subsequently be contradicted by the party putting the question. State v. Swindall, 129 La. 760, 771, 56 So. 702; State v. Bellard et al., 132 La. 491, 510, 511, 61 So. 537; Whart. Crim. Ev. (9th Ed.) § 484.
 

 It cannot be denied that the admission of illegal evidence as to the commission of a prior burglary greatly prejudiced the accused on the trial of the present case against them.
 

 Bill No. 2.
 

 This hill was reserved to the action of the trial judge in overruling a motion for a new trial, based on the grounds that the verdict was contrary to the law and the evidence, and reiterating the errors complained of and set forth in bill of exception No. 1, which have ' already been reviewed and disposed of in this opinion.
 

 It is ordered that the conviction and sentence of each of the defendants, Sam Ward and Ed Moore, be annulled and set aside, and it is now ordered that the case be remanded for a new trial.