140 So. 490

## STATE v. FUSELIER.

No. 31661.

Feb. 29, 1932.

Lewis J. Mayeux, of Oberlin, and George K. Perrault, of Opelousas, for appellant.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and Sam H. Jones, Asst. Dist. Atty., both of Lake Charles (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

BRUNOT, J.

The defendant and two other persons were charged with robbery. The defendant was tried, found guilty as charged, and sentenced to an alternative term of imprisonment, at hard labor, in the Louisiana State Penitentiary, for not less than six and two-third years, and not more than ten years. He appealed from the verdict and sentence.

There are three bills of exception in the record. Bills Nos. 1 and 2 were reserved during the course of the trial, and the third bill was reserved to the overruling of a motion for a new trial. The motion for a new trial is based upon the same grounds urged in bills Nos. 1 and 2. For this reason, if we find that these bills are without merit, we need not consider bill No. 3.

## Bill No. 1.

The record discloses that the sheriff of Allen parish was called as a witness for the state and testified that he obtained a description of the robbers, and, from this description, he formed the opinion that the defendant was one of them. Acting upon that opinion, he arranged with a man familiar with the neighborhood in which the defendant resided to watch the latter's movements. Counsel for defendant thereupon asked the sheriff to name the man he had engaged to watch the defendant. The question was objected to. The objection was sustained, and this bill was reserved to that ruling. The judge's per curiam to the bill is as follows:

"The Sheriff himself made the objection, stating that the answer would embarrass him in the performance of his duties, since it often became necessary to employ under cover men to make investigation, and report to his office, and a public knowledge of their identity would destroy their usefulness, and prevent detection and punishment of many criminals. The court considered the reason sound. Later in the trial, a witness for the defendant testified that he himself took to the neighborhood of the defendant's place the man referred to by the sheriff, in order that he might observe and report the actions of the defendant. The witness was not asked to name the man. In fact, his identity was of no importance. The sole purpose of the testimony was to explain why the arrest was delayed instead of being made as soon as the sheriff believed the defendant to be the guilty man."

Counsel for defendant contend that the right to refrain from testifying concerning confidential matters is accorded only by statute, and no statute extends the right to officers of the peace or their confidential agents. This contention is in conflict with the rule announced in 40 Cyc. 2391, 2392; moreover, the judge's per curiam to the bill shows that the defendant had full opportunity to obtain from one of his own witnesses the evidence he sought to elicit from the sheriff, and that he made no effort to have his witness disclose the identity of the sheriff's confidential agent.

Under the existing circumstances, the ruling complained of did not prejudice the defense; therefore, whether or not the ruling was correct is immaterial. It is the settled jurisprudence of this state that a verdict will not be reversed, unless it appear that some injustice has been done to the defendant. La. Dig. vol. 2, Crim. Law, par. 434.

## Bill No. 2.

The defenses in this case were mistaken identity and an alibi.

In support of these defenses, the defendant offered to prove, by a witness named Elias Fontenot, that on November 19, 1931, six months and ten days after the commission of the crime for which the defendant was on trial, two men had robbed the witness in a manner and under circumstances in many respects similar to the methods used by the men who robbed the prosecuting witness in this case, and that one of the men who robbed the witness bore such a striking resemblance to the defendant at the bar that, but for the fact that the witness was personally acquainted with the defendant, he would have believed that the defendant was one of the men who robbed him. The proffered testimony was objected to, the jury was retired, the wit-

ness testified substantially as stated out of the presence of the jury, the court sustained the objection to the testimony, and this bill was reserved to that ruling.

The court's per curiam to the bill is, in part, as follows:

"Testimony that in a robbery not involved in this case, at a time long after the one charged, one of the robbers resembled the defendant, is of no value in determining whether the witnesses in this case are mistaken in their identification of him. * * * The excluded testimony was clearly res inter alios acta."

There must be some connection between evidence tendered in a trial and the issue involved therein. If there be no connection between the two, the proffered testimony is res inter alios acta, and in all jurisdictions such testimony is held to be incompetent evidence, and therefore inadmissible.

The substance of the recitals of this bill is that the defendant was not one of the men who robbed the witness Fontenot, but, in the opinion of Fontenot, one of the men who robbed him resembled the defendant. The fact that a man resembling the defendant robbed another person, approximately six months after the commission of the crime with which the defendant is charged, and that the two robberies were committed in a somewhat similar manner, can have no probative value in determining whether or not several eyewitnesses were mistaken in their positive identification of the defendant. The trial judge so ruled, and we find no error in the ruling.

The verdict and sentence are therefore affirmed.