36 So.2d 781

STATE v. COMERY.

No. 38715.

June 1, 1948.

Rehearing Denied July 2, 1948.

246

C. A. Blanchard, of Donaldsonville, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Aubert L. Talbot,

Dist. Atty., of Napoleonville, George R. Blum, Asst. Dist. Atty., of Donaldsonville, for appellee.

PONDER, Justice.

The accused was charged with the murder of her infant child. Upon trial, she was found guilty of negligent homicide and sentenced to serve five years in the penitentiary. She has appealed from the conviction and sentence.

During the course of the trial, ten bills of exceptions were taken to the ruling of the trial judge, nine of which are urged on this appeal.

Bill of exception Number One was taken to the ruling of the trial judge sustaining an objection on behalf of the State to a question propounded to the coroner as follows: "Is it your desire, as Coronor of this Parish, to send the accused to the electric chair merely because of a little popping sound which could come from crushing the tunnels and bags and the air rushing out?" The trial judge in his per curiam states that the objection was leveled at the manner in which the question was formed and that he permitted counsel for the defendant to question the witness, touching the same facts in a properly formed question. Under the circumstances, there could be no injury to the accused.

Bill of exception Number Two was taken to the overruling of the defend-ant's objection to questions propounded to a State witness while laying the foundation for the introduction of a confession. The questions were objected to as being leading. The questions were in this form: "Did you use any threats, etc.?" Admissibility of a confession is a question for the trial judge to decide and not the jury. The questions are not leading because they do not suggest an answer and may be answered in the affirmative or negative. Article 373, Code of Criminal Procedure. Moreover, the accused could not have been injured by these questions merely because of the manner in which they were asked, for the reason that it was conclusively shown that the confession was freely and voluntarily given. This Court will not set aside a verdict unless there is error on the part of the trial judge that results in injury or prejudice to the accused. State v. Thornhill, 188 La. 762, 178 So. 343.

Bill of exception Number Three was taken to the introduction of the confession on the ground that it was not the original confession but a copy of it. It appears that the district attorney made some notes, or a narrative, while he and the sheriff were questioning the accused, which were given to a stenographer to be typewritten. After the stenographer had prepared the typewritten instrument, it was read to the accused in the presence of the district attorney, the sheriff and a deputy sheriff, and was signed by the accused. The lower

court took the position that the instrument, read to the accused and signed by her, was the original confession. We think the trial judge's ruling was correct because the notes taken by the district attorney were not read to the accused or signed by her. To permit the introduction of notes taken by anyone without having them read back to the accused and without permitting her to admit or deny their correctness would constitute a very serious error and could not be considered the confession of the accused. Counsel cites the case of State v. Murphy, 154 La. 190, 97 So. 397, which is not in point.

■ Bill of exception Number Four was taken to the refusal of the trial judge to maintain an objection to the introduction of the confession until after the State and the accused had closed the case in chief. The trial judge states in his per curiam that counsel for the accused was given an opportunity to traverse the witnesses of the State before the confession was admitted and that the accused failed to avail herself of this right and did not place any witnesses on the stand. The proper time for determining the admissibility of a confession is when the State is making out its case in chief. State v. Thomas, 208 La. 548, 23 So.2d 212.

■ Bill of exception Number Five was taken to the overruling of a motion for a continuance. When the case was called for trial, two witnesses, Dr. Buck Richard and Dr. Malcolm P. Schwauzenback of Orleans Parish, were not present in court. Counsel for the defendant did not apply for a continuance at that time and stated that he felt sure they would be in court. When they failed to arrive, during the middle of the trial, counsel for the defendant moved for a continuance, which was denied. The court recessed and an effort was made to reach the witnesses over the telephone. It was ascertained that there was no doctor known as Dr. Buck Richard in Orleans Parish and Dr. Schwauzenback could not be reached. The trial was proceeded with. The granting or refusing of a continuance is addressed to the discretion of the trial judge. Article 320, Code of Criminal Procedure. Counsel did not exercise due diligence in securing the attendance of the witnesses before the trial was commenced. Article 322, Code of Criminal Procedure.

Bill of exception Number Six is not urged.

■ Bill of exception Number Seven is taken to the overruling of counsel's objection to rebuttal testimony given by the sheriff. Counsel alleges in his bill that the witness was permitted to recite all the testimony that he had given on his examination in chief and to again read the confession to the jury. The per curiam of the judge is to the effect that the rebuttal testimony was given solely in rebuttal of evidence of intimidation offered by the accused and that the confession was not read

253

again at that time. ·We see no merit in this bill.

 Bill of exception Number Eight was taken to the refusal of the trial judge to give certain charges. The per curiam of the trial judge is to the effect that he covered the special charges in every detail in his general charge. There is no merit in this bill. Articles 390 and 391, Code of Criminal Procedure.

Bill of exception Number Nine is taken to the verdict of the jury on the ground that negligent homicide is not responsive to the charge or the evidence. Negligent homicide has been made a responsive verdict to a charge of murder by statute. Article 29 of Act No. 43 of 1942, Cr.Code. State v. Stanford, 204 La. 439, 15 So.2d 817.

Bill of exception Number Ten is taken to an overruling of a motion in arrest of judgment. The motion in arrest is based on the evidence and not on any error patent on the face of the record. Under the provisions of Article 517 of the Code of Criminal Procedure a motion in arrest of judgment must be based on a defect patent on the face of the record. A defect that cannot be ascertained without an examination of the evidence, is not a ground for arresting a judgment. Article 518, Code of Criminal Procedure.

For the reasons assigned, the verdict and sentence are affirmed.

O'NIELL, C. J., absent.