HAMITER, Justice.
 

 Eldrege Johnson is appealing from his conviction and sentence for the crime of aggravated battery, the indictment under which he was tried (and found guilty by a jury of five) having charged that on or about November 21, 1946, he “committed a battery with a dangerous weapon upon Daniel Frey.” The appeal presents for our consideration a single bill of exceptions reserved to the overruling of defendant’s objection to a question propounded by the district attorney to Mrs. Sadie Soileau, a witness for the state.
 

 Mrs. Soileau, who was a neighbor of the accused, had testified that about five-thirty o’clock of the afternoon of November 21, 1946 (according to the judge’s per curiam this was immediately after the commission of the crime), while walking past the house of defendant to reach her mail box located nearby, she noticed some blood in the lane; and that on her return she went inside the house and talked with him. Then she was asked: “What, if anything, was said by Johnson to you at that time when you asked him as you stated you did, where the blood had come from?” At this point defense counsel announced: “Object to the question and the answer thereto on the grounds that it is inadmissible as being irrelevant and immaterial and forms no part of the transaction, and is no part of the res gestae.” The court overruled the objection and the witness answered: “I asked him what has happened. Pie looked at me and said, ‘The blood you see, that’s German blood.’ And I looked at him and I told him I said, ‘Maybe you hurt Adolph’s kid.’ And he said, ‘Yes.’”
 

 We need not determine whether the declaration of the accused, as recited by the witness, constituted a part of the res gestae; it was admissible, in our opin
 
 *973
 
 ion, for another reason. From other testimony incorporated in the bill of exceptions and from the trial court’s per curiam, we find that “Adolph’s kid” has reference to the prosecuting witness, Daniel Frey, who is of German extraction. This being true, the declaration in question, uttered immediately after the crime’s commission, was relevant and material to show guilty knowledge and criminal intent.
 

 “When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent * * Louisiana Code of Criminal Procedure, Article 446. And it can not be denied that an essential ingredient of the offense of aggravated battery is intent. Louisiana Criminal Code, Act No. 43 of 1942, Articles 33 and 34.
 

 Further, as stated in Marr’s Criminal Jurisprudence, Second Edition, Volume 2, Section 549, “The acts and conduct of a party at or about the time when he is charged to have committed a crime are receivable as evidence of a guilty mind, and while in weighing such evidence, ordinary caution is required, such inferences are to be drawn from them as experience indicates are warranted.” See also 22 Corpus Juris Secundum, verbo Criminal Law, § 730; State v. Posey, 137 La. 871, 69 So. 494.
 

 For the reasons assigned the conviction and sentence are affirmed.