Raymond H. Saal, Covington, and Eugene D. Saunders, New Orleans, for appellant.

Rosen, Kammer, Wolff, Hopkins & Burke and Frank W. Hart, all of New Orleans, Dalton J. Barranger, Covington, for defendant-appellee.

HAWTHORNE, Justice.

The appellant, Core Brothers, having failed to appear at the time for the hearing of this appeal in this court and having failed to file a brief in support thereof, the appeal will be dismissed. See Grand Lodge of the State of Louisiana, Knights of Pythias, v. Natchitoches Lodge No. 89, Knights of Pythias, Natchitoches, La., 215 La. 300, 40 So.2d 472; Birdwell v. Birdwell, 217 La. 671, 47 So.2d 41; Hayes v. Petry, 218 La. 730, 50 So.2d 821; Antoon v. Mayor and City Com'rs and Building Inspector of City of Natchitoches, 218 La. 732, 50 So.2d 822; Frey v. Ingram, 219 La. 159, 52 So.2d 531.

**56 So.2d 143**

**STATE v. JOHNSON et al.**

No. 40402.

Dec. 10, 1951.

C. W. Berry, Jr., Oakdale, for appellants.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Reuel Boone, Dist. Atty., Many, A. B. Cavanaugh, Sp. Counsel, Lake Charles. for appellee.

McCALEB, Justice.

Appellants were indicted for aggravated battery and convicted of simple battery. For a reversal of the convictions, they rely on a motion to quash the indictment and three bills of exceptions.

The motion to quash is not to be found in the record. However, it appears from the minute entries of the proceedings below that such a motion was made and that it was overruled by the Court. The theory of the motion is that the indictment is defective in that the crime is alleged to have been committed with a knife. This, says counsel, presents an impossible situation

because the knife could have been used by only one of the appellants and not by both of them.

■ There is no merit in the point. It is perfectly proper to allege that appellants used a (one) knife, as they are charged as principals. It is immaterial whether only one of them directly committed the act constituting the offense, if the other aided or abetted therein. LSA-R.S. 14:24.

Bill of Exceptions No. 1 was purportedly reserved to the admission of testimony regarding statements made by appellants in which they declared that they were on their way to the home of the prosecuting witness for the purpose of "beating" him. The complaint of appellants is that these declarations formed no part of the res gestae, as they are supposed to have been uttered approximately three hours before the commission of the battery.

■ The contention cannot be sustained as the evidence was relevant to show intent under the specific provisions of the Code of Criminal Procedure. LSA-R.S. 15:446. Intent is an essential element of battery. LSA-R.S. 14:33; State v. Johnson, 213 La. 970, 36 So.2d 6.

■ The second Bill of Exceptions was reserved to the overruling of an objection by defense counsel to the identification made by a State witness, one Chaisson, of a waitress who served him at Billie's Cafe in Pitkin, Louisiana on the evening of the date the crime was committed. Chaisson was produced by the State to testify that,

while he was in the Cafe, two men entered, laughing and talking, and that one of them was carrying a nickle-plated pistol. As Chaisson, a stranger in the community, was unable to identify appellants to be the two men he noticed in the cafe, his statement was excluded but he was, nonetheless, permitted to identify the waitress, who was also a witness in the case, as the person who had served him on his visit.

There can be little doubt that the identification of the waitress by Chaisson was irrelevant and immaterial. But the error in permitting it was of no consequence and did not prejudice appellants in any measure because (as shown by the Judge's per curiam) the waitress identified by Chaisson later took the witness stand and testified that she was operating the cafe.

It is not every error committed during a trial which authorizes a reversal on appeal. On the contrary, Article 557 of the Code of Criminal Procedure, LSA-R.S. 15:557, declares, among other things, that no judgment shall be set aside in any criminal case because of "the improper admission or rejection of evidence * * *" unless the Court is of the opinion, after an examination of the entire record, that the error has "probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right". See also State v. Fuselier, 174 La. 319, 140 So. 490; State v. Thornhill, 188 La. 762, 178 So. 343 and State v. Comery, 214 La. 245, 36 So.2d 781.

While the main witness for the defense was testifying under cross-examination, the district attorney interrogated him in relation to certain testimony he had given to the Grand Jury which was somewhat different from his statement in open Court. Counsel for appellants objected on the ground that the witness could not be questioned about his testimony before the Grand Jury as the sessions of that body are secret. When the objection was overruled, counsel reserved Bill of Exceptions No. 3.

We find no substance in the complaint, which is evidently founded on the notion that the Grand Jury testimony of the witness was privileged. We are not aware of any rule of law forbidding the use of testimony given by a witness before a Grand Jury for impeachment purposes and none has been cited by counsel. Article 493 of the Code of Criminal Procedure, LSA–R.S. 15:493, provides that the credibility of a witness is subject to impeachment by proof "of any statement made by him contradictory to his testimony * * *"; it does not exclude prior contradictory statements before a Grand Jury. And it is otherwise well settled that the particular form of the anterior inconsistent statements of a witness is not of material importance as bearing on their use for impeachment purposes. 58 Am.Jur. "Witnesses" Section 771, pps. 421, 422.

The convictions and sentences appealed from are affirmed.