McCALEB, Justice.
Appellant was charged, tried and convicted of unlawfully possessing, .handling and transporting for sale intoxicating liquor in Winn Parish, in violation of a *648 local option ordinance, and was sentenced to six months imprisonment and a $500 fine. He has appealed, depending on seven bills of exceptions for a reversal of his conviction.
The State’s case is based on circumstantial evidence. The facts are that Deputy Sheriff Wesley Carter of Winn Parish, who had been following appellant’s automobile on the Alexandria-Winnfield Highway, stopped appellant for the purpose of searching his car for liquor. Upon being apprehended, appellant told the officer that he did not have the key to the trunk of his car but that, if the officer would permit him to proceed to his home and obtain it, he would submit to the search. The officer agreed but, as soon as appellant drove off, he began to speed and endeavored to outrun his pursuer. Upon being apprised of the impending escape, the officer radioed another deputy sheriff to stop appellant who had meanwhile turned off the main highway onto an unpaved road. About 4 or 5 minutes later, the officers “closed in” on appellant and placed him under arrest. At that time, the trunk of his automobile was open, the key thereto (which he had stated was at his home) being found in the trunk lock and a short distance away, about 60 feet off of an old dirt road that ran off the country road between the points where he had last been seen, the officers found one case of whiskey and two cases of wine.
While Deputy Sheriff Carter was on the witness stand, he was asked by the district attorney to state what was done after appellant was arrested. He replied “I put Mr. Scott in the car with us, * * * and we drove down to where he turned off the road there”. Counsel for appellant thereupon objected and requested that the court disregard the answer because it had not been shown that it was within the knowledge of the witness that appellant drove off the road. The court overruled the objection and counsel reserved Bill of Exceptions No. 1 under which it is contended that the answer was not a statement of fact but merely the conclusion drawn by the witness from other circumstances.
 Article 463 of the Code of Criminal Procedure, LSA-R.S. 15:463, provides that a witness can testify only “as to facts within his knowledge” and that he may not give “any impression or opinion that he may have.” Hence, since it is conceded that the officer did not see appellant turning off the road, the objection to the statement of the witness was well taken and should have been sustained. However, the error of the judge, in permitting the answer to stand, does not necessarily mean that appellant is entitled to a reversal of his conviction. Albeit, unless the error is substantial, this court will not order a new trial. Article 557 of the Code of Criminal Procedure, LSA-R.S. 15:557, provides that no judgment shall be set aside in any criminal case because of “the improper *650 admission or rejection of evidence * *” unless, after an examination of the entire record, the court is satisfied that the error has “probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right.” See also State v. Fuselier, 174 La. 319, 140 So. 490; State v. Thornhill, 188 La. 762, 178 So. 343; State v. Comery, 214 La. 245, 36 So.2d 781 and State v. Johnson, 220 La. 170, 56 So.2d 143.
In the case at bar, the judge was well aware that the witness had not actually seen appellant turn off the road and that his statement that they drove to the place where appellant had turned was merely the conclusion he had drawn from other facts within his knowledge. In these circumstances, the error in admitting the testimony was inconsequential.
The same observations are applicable to the second Bill of Exceptions, which was reserved to the answer given by Carter when he was asked “what did you see to indicate” that appellant had turned off the road. He stated that appellant had torn up the ground “where he had turned pff at a high rate of speed” and that the tire treads of his car were the same as those imprinted on the road at the turn. The objection to this testimony was predicated on the ground that it was a statement of opinion which had no basis in fact.
The validity of the objection may well be doubted, as it appears that the witness was merely testifying to facts which prompted him to believe that defendant had turned off the road. However, even if it be generously conceded that the statement of the witness was inadmissible opinion evidence, the error in not excluding it was harmless.
Bill of Exceptions No. 3 was taken when Carter was permitted, over objection, to state that the car tracks found at the turn of the road were identical with the tread of the tires of appellant’s car. This evidence is said to be inadmissible because the witness was voicing his opinion on a matter not within his knowledge. There is no merit whatever in the bill. The testimony that the car tracks on the road were the same as the tread of appellant’s tires was a statement of fact within the officer’s knowledge and not the expression of an opinion.
Bill of Exceptions No. 4 was reserved when Deputy Sheriff Kyson, another state witness, was allowed, over objection, to testify respecting the tracks made by the tread of appellant’s tires. The evidence is said to be inadmissible because Kyson was not shown to have had special training as an expert on tracks made by automobiles. There is no substance in the complaint. No special training is required of a witness to identify the tread of tires as the same exhibited by tire imprints observed on a road. The testimony is founded on fact, it is not the expression of an expert opinion.
*652 While on the stand, Deputy Sheriff Ky-son was questioned as to the reason why he and Deputy Carter went to the side road to look for the liquor after appellant’s arrest. His answer was that he knew where appellant had turned around as he had seen “where the car went in and out”. Defense counsel thereupon objected on the ground that the witness was giving his opinion and not testifying to facts within his knowledge. When the objection was overruled, Bill of Exceptions No. 5 was reserved.
This bill appears to be in the same category as Bills Nos. 1 and 2. As aforesaid, if the testimony be regarded as inadmissible as the expression of an opinion, the error in not excluding it was harmless.
Bill of Exceptions No. 6 was taken to the overruling of an objection to the admission in evidence of the three cases of wine and whiskey, appellant contending that there was no testimony connecting him with possession of the liquor. There is no merit in the bill. All of the circumstances of the case indicate that the liquor was in appellant’s possession until he unloaded it in the woods, shortly before his arrest, while he had temporarily eluded the officers. Besides, the question of appellant’s possession is one of fact which is not a matter for review.
Bill of Exceptions No. 7 is based on the overruling of a motion for a new-trial. This motion simply reiterates the contentions made under the other bills of exceptions, on which we have already passed judgment. Additionally, appellant here asserts that the State did not submit any evidence to show that he possessed the liquor for the purpose of sale and that therefore his conviction is illegal. The short answer to the contention is that the question whether appellant’s possession was for purposes of sale is a factual matter which cannot be considered on appeal. The case of State v. Nomey, 204 La. 667, 16 So.2d 226, relied on by appellant, bears no resemblance whatever to the facts of this case.
The conviction and sentence are affirmed.