74 So.2d 200 (1954)
225 La. 1021
STATE
v.
WASHINGTON.
No. 41769.
Supreme Court of Louisiana.
July 2, 1954.
John P. Dowling, New Orleans, for defendant-appellant.
*201 Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Phil Trict, Asst. Dist. Atty., New Orleans, for appellee.
McCALEB, Justice.
Appellant and one Joseph Dedias were charged jointly with the possession of fifteen marijuana cigarettes and gleanings of marijuana, in violation of LSA-R.S. 40:961 et seq., as amended. They were tried, found guilty as charged and each was sentenced to serve ten years at hard labor in the State penitentiary. During the trial, appellant reserved ten bills of exceptions. He has appealed, relying on six of these bills for a reversal of his conviction.[1]
During the voir dire examination of prospective jurors, counsel for appellant, after stating that certain narcotic drugs might be offered in evidence during the trial of the case, asked them if they would be unduly inflamed by a mere visual observation of the drugs. At this point, the judge told counsel that this line of inquiry was objectionable and that it would not be permitted. Counsel excepted to the ruling and reserved Bill No. 3.
The judge was right. It was improper for counsel to interrogate the prospective jurors concerning their reactions as to evidence which might be received at the trial. State v. Henry, 197 La. 999, 3 So.2d 104 and State v. Wideman, 218 La. 860, 51 So.2d 96. Article 357 of the Code of Criminal Procedure (now LSA-R.S. 15:357) states that the voir dire examination of jurors is designed to ascertain their qualifications to try the case and that "the examination shall be limited to that purpose." The range of the inquiry is within the sound discretion of the trial judge. State v. Morris, 222 La. 480, 62 So.2d 649.
Bills Nos. 5 and 6 may be discussed together as they relate to the reception in evidence of the marijuana cigarettes and marijuana gleanings, which appellant and his co-defendant were charged with possessing. According to the facts of the case, appellant and Dedias were together on the night of their arrest and the marijuana cigarettes were found on the person of Dedias. Appellant did not have physical custody of any of the cigarettes but marijuana gleanings were obtained from one of the pockets of his clothes. When the district attorney attempted to introduce these narcotics in evidence, counsel objected on the ground that the State had not shown that appellant had any connection with them and, when the objection was overruled, the bills under consideration were taken.
We find no merit in the complaint. There cannot be the slightest doubt as to the admissibility of the drugs in evidence even though they were not found on the person of appellant. The question presented for determination by the jury was whether appellant had joint possession and control of the drugs, irrespective of whether they were in his physical custody.[2] This was purely a question of fact, which is not a matter for review in this court. State v. Scott, 221 La. 643, 60 So.2d 71.
The case of State v. Gaines, 223 La. 711, 66 So.2d 618, relied on by counsel, is inapposite. The question there presented was whether certain utensils (an eye dropper, a bottle and a hypodermic needle) were irrelevant and immaterial to the charge of possession of narcotics and, therefore, improperly received in evidence. We found that the articles were lawfully admitted as corroborating evidence because they were of such a nature as to warrant an inference that they were connected with the crime charged.
Appellant, testifying in his own behalf, was asked the following question by his counsel:

*202 "Q. While you were in this little room and before you stripped your clothes off, did either of these policemen hit you or strike you? A. They did. One of them hit me.
When the court ruled that the question was improper and refused to permit counsel to continue this line of inquiry, Bill of Exceptions No. 7 was reserved.
Counsel contends that the evidence sought to be elicited from appellant was material and appropriate as it affected the credibility of certain policemen who had testified that there had been no violence used upon appellant.
There is no substance in the bill. The evidence would have been admissible in rebuttal of testimony respecting a voluntary confession. But the State did not contend that appellant had confessed and no evidence was elicited by it on that score. Consequently, it was not material to the question of appellant's guilt or innocence whether or not the officers mistreated him after his arrest. LSA-R.S. 15:435, 15:441 and 15:442; State v. Mastricovo, 221 La. 312, 59 So.2d 403.
Nor was the evidence admissible for the purpose of impeaching the credibility of the testimony given by the police officers on cross-examination. It is well settled that, where a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question. LSA-R.S. 15:494; State v. Swindall, 129 La. 760, 56 So. 702; State v. Bellard, 132 La. 491, 61 So. 537; State v. Ward, 166 La. 806, 118 So. 26 and Wharton's Criminal Evidence, 11th Ed. Vol. 3, Sec. 1353. Accordingly, appellant was bound by the answers of the police officers that they had not struck him after his arrest.
While appellant was on the stand, he was asked on cross-examination whether he could identify the officer who had allegedly pointed a gun at him and told him that he would kill him if he did not confess. After appellant had stated that he could identify the officer, Policeman Weber was brought in the courtroom and was pointed out by appellant as the officer making the threat. Thereupon, the district attorney queried "Then it was not Officer Vitari at allis that right?" Counsel for appellant objected to this question on the ground that the witness had not testified that Officer Vitari was the man. The court overruled the objection and counsel reserved Bill No. 8.
We see no merit in the bill. The question was not unfair (as claimed by counsel) as Dedias, the codefendant, had previously pointed out Officer Vitari as the one who made the alleged threat with the pistol. It was legitimate cross-examination and we perceive no good reason why appellant should not have been required to answer it. If counsel feared that an erroneous inference might be drawn by the jury as a result of the question, he could have easily counteracted any untoward impression on appellant's redirect examination.
Bill No. 9 was reserved to the overruling of appellant's motion for a new trial. In the motion, appellant specified thirteen alleged errors occurring during the trial. Most of the complaints relate to matters covered by the other bills of exceptions. In this court, counsel adverts in his brief to only two of them which are not based on the other bills.
It is said that the judge erred in failing to grant a new trial because the State, having relied solely on circumstantial evidence, failed to exhibit that the circumstances were such as to exclude every other reasonable hypothesis but that of guilt. Obviously, this complaint involves only a question of fact and, therefore, presents nothing for review on appeal.
The other claim of counsel is that the judge erred in failing to charge the jury that it could, if it found appellant guilty, recommend that he be given a suspended sentence.
It suffices to say in answer to this contention that, since counsel did not object to the judge's charge to the jury, the *203 alleged error as to the omission in the charge comes too late in a motion for a new trial. LSA-R.S. 15:391; State v. Verret, 174 La. 1059, 142 So. 688 and State v. Guillot, 200 La. 935, 9 So.2d 235.
The conviction and sentence are affirmed.
NOTES
[1] Bills Nos. 1, 2, 4 and 10 were abandoned in this court.
[2] Under our law, LSA-R.S. 14:24, all persons concerned in the commission of a crime are principals, whether they directly commit the act constituting the offense or aid or abet in its commission or directly or indirectly counsel or procure its commission.