DIXON, Justice.
Defendant was convicted of armed robbery, a violation of R.S. 14-64, and appeals, raising four assignments of error.
In Assignment No. 1, defendant contends the trial court erred in admitting a typewritten confession because it was not read to him before he signed it. It is' his position that because it was not read back to him there is inadequate assurance that the typewritten version correctly relates the substance of his oral confession.
Investigating officers testified that defendant gave them a statement during which Detective Clinton Beaugh 'took notes. These notes were then typed by the secretary, and the typed confession was presented to defendant for his signature. Though defendant signed the confession, officers could not be sure he read it. Detective Beaugh testified he read the confession to defendant, but he could not recall with certainty whether he read the typed confession or the notes from which the typed confession was made. Officer Gautreáux testified that Detective Beaugh read defendant the typewritten confession. Each person present during the time defendant gave his oral confession testified that the typed confession substantially reflected the oral statement given by defendant.
To be admissible, a confession need not be a verbatim record of defendant’s oral version. State v. Comery, 214 La. 245, 36 So.2d 781 (1948); State v. Goins, 232 La. 238, 94 So.2d 244 (1957).
The trial court heard testimony that defendant gave an oral statement during which Beaugh took notes and that the typewritten confession, confected from those notes, substantially reflected this oral statement. Gautreaux testified it was read to defendant. Beaugh could not be certain. Defendant was given ample opportunity to read it and object to any part he considered inaccurate. Finally, defendant who makes no allegation that he is illiterate, or that coercion was used to obtain his signature, signed it.
We find no merit in this assignment.
In his second assignment, defendant contends that because he did not sign the waiver of rights form his confession is inadmissible.
Lack of a signed, written waiver of rights form is not determinative of the issue of voluntariness of a confession. State v. Singleton, 311 So.2d 881 (La.1975); State v. Navarre, 302 So.2d 273 (La.1974); State v. Neal, 275 So.2d 765 (La.1973).
Each of the three persons present during defendant’s confession testified he was informed of his constitutional rights as required by Miranda. Detective Beaugh testified that when he asked defendant whether he understood these rights defendant responded “yes.” Officer Gautreaux testified that he could not recall defendant’s response but he was certain defendant voiced no misunderstanding. Mr. Otis Lomenick, Jr., legal adviser for the St. Landry Parish *386 sheriff’s office, testified that to the best of his knowledge Beaugh read defendant the Miranda rights befo're questioning was begun. Beaugh further testified that defendant told him he “wanted to get this thing off his mind” prior to giving the officers his oral statement.
No evidence introduced at the motion to suppress even tended to show that defendant was coerced into giving his confession. Hence, from a review of the record before us, we conclude that the trial court did not err in denying the motion to suppress the confession. In spite of the lack of a written waiver of rights, the State met its affirmative burden of establishing the- free and voluntary nature of defendant’s confession imposed by R.S. 15:45.[1]
At oral argument before this court, defendant contended that police did not hon- or his initial request not to speak to them. Rather, he contends, they persisted in questioning him until the confession was obtained.
The record reveals no such persistence. Detective Beaugh testified that defendant did not want to speak to them “the first time,” and he was not compelled to; but that “the second time” he did want to speak to them. It was during this “second time” that the confession was given. During the motion to suppress, defendant introduced no evidence to substantiate this claim.
This assignment has no merit.
Defendant neither briefs nor argues his third assignment of error to this court; hence it is waived. State v. Reed, 324 So.2d 373 (La.1975); State v. Coleman, 322 So.2d 195 (La.1975).
In his fourth and fifth assignments, defendant alleges that a pistol and stocking introduced at trial were inadmissible because they were by-products of the allegedly inadmissible confession. Because the confession was admissible, these contentions have no merit.
The conviction and sentence are affirmed.

. “Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.”