CRAIN, J.
*348 The defendant, Toronzo Thompkins, was convicted of second degree murder and negligent homicide. For second degree murder, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, and for negligent homicide, he was sentenced to five years at hard labor, with the sentences ordered to run concurrently. The defendant appeals, challenging the trial court's denial of post-trial motions. We affirm.
FACTS AND PROCEDURAL HISTORY
On September 22, 2013, Nikki Landry and Henry Lefort were found in Landry's apartment, both dead from multiple gunshot wounds. At that time, the defendant was incarcerated waiting for trial to begin the next day on a drug-related offense. Landry, a confidential informant for the Lafourche Parish Drug Task Force, was to testify for the state at the defendant's trial. Landry's identity had been kept confidential until earlier that month when the trial court ordered it disclosed. After being convicted of the drug-related offense, the defendant bragged to the Drug Task Force supervisor that the supreme court would throw his case out because the state had no witness.[1]
Following the police investigation of the double homicide, the defendant's son, Traveyon Blackledge, was arrested, and later convicted, on two counts of second degree murder. See State v. Blackledge , 17-1130, 2018 WL 913745 (La. App. 1 Cir. 2/16/18), writ denied, 18-0433 (La. 10/29/18), 254 So.3d 1208. Although he was incarcerated at the time of the murders, the defendant was also a suspect because the confidential informant was killed the day before his drug trial was to begin. Telephone calls the defendant made in the days preceding the murders established the defendant sought to have Landry killed to prevent her from testifying against him at his drug trial. The recorded calls were played for the jury at the defendant's murder trial. The state argued the defendant used coded language in the recordings to order Blackledge to kill Landry, and that Lefort was killed at Landry's apartment simply because he was at the wrong place at the wrong time. The defendant was convicted as a principal in the second degree murder of Nikki Landry and the negligent killing of Harry Lefort.
DISCUSSION
In this appeal, the defendant solely challenges the trial court's denial of his post-trial motions for new trial and disclosure of a juror's identity. In the motions, the defendant argued that during trial he encountered a juror in the hallway while law enforcement officers were escorting him to the bathroom. The defendant asserted the juror could see and hear the officers guarding him and ordering persons to clear the hallway. The defendant claimed he was handcuffed, his legs may have been *349 shackled under his clothing, and the officers referred to him as the "prisoner" or "inmate" in front of the juror. The defendant argued for a new trial because his "right to be brought into court with the appearance, dignity[,] and self-respect of a free and innocent man [was] violated before a member of the jury standing in judgment prior to jury deliberation and verdict." In a companion motion, the defendant sought the name and address of the juror he encountered so he could subpoena her to appear and testify about the manner and degree the encounter affected her verdict.[2]
At the hearing on the motions, the state argued the jurors' identities were not hidden from the defendant at trial, and the juror he encountered in the hallway could have been identified if an objection had been timely made. The trial court denied the motion to disclose the juror's identity, noting the trial involved the defendant's jailhouse telephone calls, which made it apparent to the jury the defendant was incarcerated. The trial court emphasized there was no contemporaneous objection about the hallway encounter, which prevented the trial court from addressing the issue, including possibly using an alternate juror. The trial court also noted no juror had come forward to raise the issue.
Against the advice of counsel, the defendant testified in support of the motion for new trial. He described his version of the juror encounter and said he told his attorney about the incident when he returned to his seat. According to the defendant, that attorney advised he would "make the argument." The defendant said he told his second attorney about the incident after realizing the first attorney was not raising the issue. The defendant said he knew he was not in a position to object himself and feared he would "miss [his] argument." The defendant testified the second attorney (who represented the defendant at the hearing on the motion for new trial) said he would make the objection but did not.
Defense counsel argued a new trial should be granted because the evidence in no way placed the defendant at the murder scene. The trial strategy was to let the jury know the defendant was incarcerated, making incarceration an alibi. Defense counsel also argued the jailhouse recordings did not include any admissions of guilt, and there was no evidence of coded inculpatory language.
The trial court denied the motion for new trial, adopting its reasoning for not disclosing the juror's identity. The trial court referenced the defendant's testimony that his attorneys knew of the hallway encounter, but did not object. The trial court further noted it was an odd tactical decision to disclose the defendant's incarceration to the jury as proof it was physically impossible for the defendant to shoot the victims, then complain about an officer clearing the hallway as the defendant returned to the courtroom.[3]
On appeal, the defendant argues the trial court erred in denying the motion for new trial because of his encounter with the juror in the hallway.
Louisiana Code of Criminal Procedure article 841 pertinently provides, "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." The contemporaneous objection rule provides the trial *350 court notice and the opportunity to cure an alleged irregularity or error, and prevents a party from gambling for a favorable outcome then appealing when the error could have been addressed by an objection. State v. Lanclos, 07-0082 (La. 4/8/08), 980 So.2d 643, 648. The failure to make a contemporaneous objection prior to verdict waives the alleged error or irregularity and precludes the defendant from raising it on appeal.[4] See State ex rel. Miller v. Henderson , 329 So.2d 707, 712 (La. 1976) (setting forth different legal standards depending on whether the objection is made at trial or in application for post-conviction relief for reviewing issues related to handcuffing and shackling a defendant); State v. York, 13-1529, 2014 WL 1203207, p.8 (La. App. 1 Cir. 3/24/14), writ denied, 14-1047 (La. 4/17/15), 168 So.3d 392.
The defendant's testimony established his attorneys knew of the juror encounter but did not object, choosing to wait until after the verdict to raise the issue as the basis for a new trial. The untimely objection in the motion for new trial failed to resurrect the issue waived by lack of a contemporaneous objection. See La. Code Crim. Pro. art. 841 ; State v. Fink, 255 La. 385, 231 So.2d 360, 365 (1970) ; State v. Washington, 225 La. 1021, 74 So.2d 200, 202-03 (1954) ; State v. Pineda, 18-0512, 2018 WL 6718574, p.3 (La. App. 1 Cir. 12/21/18) ; State v. Hutsell, 17-0112 (La. App. 4 Cir. 4/18/18), 241 So.3d 542, 556-57. The trial court correctly denied the motion for new trial urged on that basis. For the same reasons, the trial court correctly denied the motion to disclose the identity of the juror.
CONVICTIONS AND SENTENCES AFFIRMED.

This court affirmed the defendant's conviction for the drug-related offense, distribution of cocaine, his adjudication as a third-felony habitual offender, and his life sentence. See State v. Thompkins, 14-0137, 2014 WL 4667593 (La. App. 1 Cir. 9/19/14) (rejecting the argument that the video of Landry purchasing drugs from the defendant should have been excluded from evidence because it was hearsay and violated the Confrontation Clause of the Sixth Amendment, and affirming the conviction, but vacating the sentence and remanding for resentencing); and see State v. Thompkins, 15-0117, 2015 WL 5516080 (La. App. 1 Cir. 9/18/15) (after remand, affirming the defendant's adjudication as a third-felony habitual offender and enhanced sentence), writ denied, 14-2460 (La. 10/9/15), 178 So.3d 997.

The motion sought the names and addresses of all jurors comprising the jury; however, defense counsel later clarified that he sought only the name and address of the single juror.

The trial court further found no merit to the argument that the evidence did not support the defendant's conviction and denied his motion for post-conviction judgment of acquittal.

If an alleged error is so significant that it violates a fundamental right, then, to preserve the requirements of due process, the error is reviewable on appeal even absent a contemporaneous objection. See La. Code Crim. Pro. art. 920(2) ; State v. Arvie, 505 So.2d 44, 47 (La. 1987) ; State v. Howard, 18-0317 (La. App. 1 Cir. 9/21/18), 258 So.3d 66, 84 n.8 ; see also State v. Foret, 479 So.2d 526, 527-28 (La. App. 1 Cir. 1985). To meet the exception to the contemporaneous objection requirement, the error must cast substantial doubt on the reliability of the fact-finding process. Howard, 258 So.3d at 84 n.8. That standard is not met here.