## No. 12,006.

### TOWN OF MANDEVILLE VS. J. B. BAUDOT.

A person who raises grapes and manufactures them into wines and sells the same at his place of business, in either barroom or grocery, is liable to pay a license tax therefor.

The Legislature can confer by general law on all municipal corporations in the State, an authority to collect licenses. Mayor vs. White, 46 An. 49.

APPEAL from the Fourth Justice's Court for the Parish of St. Tammany. *Phillips, J.*

*Clay Elliott* for Plaintiff, Appellee.

*P. L. Fourchy* for Defendant, Appellant.

Argued and submitted January 4, 1897.
Opinion handed down January 18, 1897.

The opinion of the court was delivered by

McENERY, J. The town of Mandeville imposed a license tax of one hundred dollars for keeping a wholesale or retail grocery, and selling in connection therewith liquors. The defendant was sued by the town to collect the license tax for having conducted such a business. In the brief of the City Attorney reference is made to Sec. 11 of Act 150 of 1890, imposing a license of one hundred dollars on every business of barroom, drinking saloon, etc., and in the town's laws there is an ordinance for keeping a barroom, the license for the same being one hundred dollars. The evidence in the record does not make it plain whether the defendant kept a barroom, or a grocery store with bar attached.

The witnesses deny that he sold beer or alcohol at his place of business, but in the defendant's answer he admits that he sold wine as "occasion required," that is by retail, but claims that the wine was manufactured by him from grapes raised by him, and that he is therefore exempt from the license tax. The constitutional exemption does not extend to the manufacturing of wine, whiskey or beer.

Wine, like whiskey, is not an agricultural product, although manufactured from such product. The word liquor includes all fermented

liquors, and where it is sold singly or in company with whiskey, or beer, at a place kept as a barroom, or at a grocery, and sold in connection with the business, the person so selling it by the quantities designated by the statute, upon which the municipal ordinance is based, is liable to pay the license.

It is urged that the town of Mandeville had no authority by its charter to impose license taxes. This authority is not in the original charter. But the revenue acts of 1886 and 1890 authorize all municipal and parochial authorities to impose a license tax. The State unquestionably has the power by a general law to confer power upon municipal divisions, an authority not lodged in their charters. Mayor and Council vs. White, 46 An. 450.

It is alleged that the ordinance is illegal, not having been properly enacted. We are not informed as to what essentials are lacking in its enactment. From the record it appears to have been enacted with as much formality and regularity as usually attend municipal ordinances.

Judgment affirmed.