194 So. 24

## STATE v. DE GENERES.

### No. 35623.

Feb. 9, 1940.

Philip H. Mécom, of Shreveport, for relator.

J. U. Galloway, Dist. Atty., of Shreveport, for respondents.

HIGGINS, Justice.

The defendant, Harold DeGeneres, was charged in two separate indictments returned by the Grand Jury of Caddo Parish, Louisiana, on October 2, 1939, with violations of the provisions of Act 16 of 1920, the allegations in each indictment being as follows:

"Being a Police Juror in and for Ward Four of Caddo Parish, Louisiana, did draw money from his Parish Treasury directly and indirectly other than his per diem and mileage in the amount of Five and 05/100 ($5.05) Dollars, the same being payment of sales of auto parts and accessories to Police Jury of Caddo Parish, Louisiana, by the business and firm known as DeGeneres Bros., the said Harold DeGeneres being, when said sales were made and said money drawn, owner and member of said business and firm of DeGeneres Bros., and Police Juror, as aforesaid."

"Being a Police Juror in and for Ward Four of Caddo Parish, Louisiana, did draw money from his Parish Treasury directly and indirectly other than his per diem and mileage in the amount of Twenty-two and 73/100 ($22.73) Dollars, the same being payment of sales of auto parts and accessories to Police Jury of Caddo Parish, Louisiana, by the business and firm known as DeGeneres Bros.; the said Harold DeGeneres being, when said sales were made and

said money drawn, owner and member of said business and firm of DeGeneres Bros., and Police Juror, as aforesaid."

Before arraignment, the accused filed a motion to quash the indictments on the ground that they failed to set forth any crime known to the laws of the State of Louisiana, and particularly for the reason that Act 16 of 1920, the statute under which the charges were instituted, is unconstitutional.

The motion to quash was heard on October 31, 1939, and overruled by the trial judge, and the defendant reserved a bill of exception. On November 14, 1939, the defendant was placed on trial before Honorable J. H. Stephens and the court returned a verdict of guilty and pronounced judgment and sentence upon him, imposing a fine of One Hundred ($100) Dollars and cost in each case, and in default of payment thereof, that the defendant serve a term of thirty days in the Caddo Jail on each conviction. Formal notice of his intention to apply to this Court for writs of prohibition and certiorari was given to the district attorney and the trial judge. We granted the writs with a stay order.

■ It is elementary that in criminal cases the law is strictly construed in favor of the accused.

■ The jurisprudence is well-established that this Court has the right in a criminal case to take cognizance of a·legal error patent upon the face of the record that either caused a miscarriage of justice or prejudiced the substantial rights of the accused. Article 557, Code of Criminal Procedure.

■ The defendant, in his motion to quash the indictments, expressly stated that the indictments returned against him should be quashed " * * * on the ground that they failed to set forth any crime known to the laws of the State of Louisiana, for the reasons * * *" and then follows the three reasons assigned for the alleged unconstitutionality of the statute.

In defendant's application for writs to this Court, his counsel again reiterates that the indictments failed to set forth any crime known to the laws of Louisiana, and particularly for the reason that the Act is unconstitutional. We, therefore, consider that the accused in his pleadings has, although inartistically, raised the question of whether or not the statute covers the alleged offense, but even if he had not done so, it appears that if the statute does not embrace the crime charged, it would be an error patent upon the face of the record and we would have the right to consider the issue.

The statute reads in part as follows:

"Section 1. That it shall be unlawful for any Police Juror to draw money from his Parish Treasury, either directly or indirectly other than his per diem and mileage except that the Parish Treasurer shall be authorized to pay the official expenses of any officer of the Police Jury or member of the Police Jury, who is acting under authority of the Police Jury.

"Section 2. Be it further enacted, etc., That no Police Juror shall be interested either directly or indirectly in any con-

tract the payment of which comes out of his parish; nor shall they be allowed to deal in their parish papers.

"Section 3. Be it further enacted, etc., That any Police Juror violating any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction shall be fined not less than Fifty Dollars, nor more than One Hundred Dollars, and in default of the payment of the fine and costs, that he shall be imprisoned in the parish jail for not less than thirty nor more than sixty days, at the discretion of the Court."

While the indictments charged, in the opening statement, that the accused did draw money from the Parish Treasury, directly and indirectly, other than his per diem and mileage, the remainder of the other allegations of the indictments clearly show that the money was drawn from the Parish Treasury for the purpose of paying a debt that the Police Jury, owed DeGeneres Bros., of which firm the accused was a member. Therefore, there is not any allegation that the accused, directly or indirectly, drew any money from the Parish Treasury.

The jurisprudence of this State is well-settled that a person cannot be charged with a criminal offense unless it is alleged that he intentionally, wilfully or consciously did an act in violation of the law. This whole subject matter was fully discussed by us in the case of State of Louisiana v. Fulco, La.Sup., 194 So. 14, which was decided by us on February 5, 1940, and our conclusions therein reached are decisive of the question here presented and show that the indictments in the instant case are fatally defective.

It is also a well-recognized rule that in construing a statute, laws in pari materia may be considered. We, therefore, refer to the case of State v. Abernathy and Kilpatrick, La.Sup., 194 So. 19, decided by us on February 5, 1940, in which we reiterate that, in order for a person to be legally charged in an indictment under a statute, he must have been conscious of some intentional act, which was contrary to the provisions of the law. In the absence of allegations in the indictment to that effect, the indictment was properly quashed.

In the instant case, it would be an anomalous situation if the conviction of the accused would be permitted to stand by us, when the indictments in this case are identical for all legal purposes to that in the case of State v. Fulco, supra, where we annulled the conviction and sentence and discharged the accused.

For the reasons assigned, the judgment and sentences of the district court are annulled and set aside and the indictments quashed.

O'NIELL, C. J., is of the opinion that the only question presented by the motion to quash the indictment in each of these cases is whether Act No. 16 of 1920 is unconstitutional.