55 So.2d 764

**STATE v. BOWDEN.**

No. 40331.

Nov. 5, 1951.

Rehearing Denied Dec. 10, 1951.

G. Wray Gill and Wm. C. Orchard, New Orleans, for relator.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., and Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

HAMITER, Justice.

In the Criminal District Court for the Parish of Orleans Mrs. E. Bowden was convicted under a bill of information charging that on the 23rd day of March, 1950, she did "practice midwifery without a certificate or permit from the Louisiana State Board of Medical Examiners, contrary to the form of the statute of the State of Louisiana * * *." She received a sentence of three months in the Parish Prison.

In another prosecution in that court, under an identical charge, Mrs. E. Reynolds was similarly convicted and sentenced.

The named defendants appealed to the Appellate Division No. 1 of the Criminal District Court for the Parish of Orleans, and it affirmed the convictions and sentences.

Subsequently, on defendants' applications, we granted remedial writs, thereby bringing the two causes before us for consideration, State v. Reynolds, 220 La. 21, 55 So.2d 767. They present the same legal issues, and we shall discuss them together.

The statute forming the basis of the charges is Act 56 of 1914, as amended by Act 54 of 1918, LSA–RS 37:1261 et seq., the pertinent provisions of which are as follows:

Section 5 (as amended by Act 54 of 1918): "That all persons beginning the practice of midwifery in this State after the passage of this Act shall appear before the Louisiana State Board of Medical Examiners and submit to such examinations in midwifery as the Board shall require, and shall pay to the said Board for such examination, the sum of $10.00. If such examination is satisfactory the Board shall issue a certificate. Fees and methods for the recordation and renewal of certificate shall be as provided for by Section 9 of this Act. * * *"

Section 9 (as amended by Act 54 of 1918): "That every person must, before he or she begins practice in this State, personally cause his or her certificate, received under this Act, to be recorded with the Clerk of the Court in the Parish or Parishes in which he or she desires to practice. The Clerk of Court shall make this recordation in a book to be kept for that purpose only and shall also certify to such recordation by an endorsement of the certificate, and he shall be entitled to a fee of $1.00. Until such recordation is made. the holder of such certificate shall not exercise any of the rights or privileges therein conferred. Every certificate issued through this Act shall be renewed annually on or before January 1st by the Secretary-Treasurer of the Louisiana State Board of Medical Examiners, and any certificate not renewed, after unanimous vote by said Board, is suspended; which suspension is subject to review by a court of competent jurisdiction. Method and causes of revocation of certificates are provided for in Section 16 of the amended Act. Upon notification from the Secretary-Treasurer of the Louisiana State Board of Medical Examiners of such suspension or revocation, the said Clerk of Court must cancel said recordation aforesaid. The Secretary-Treasurer of said State Board of Medical Examiners shall be empowered to charge and collect from legal holders of certificate a fee for annual renewal of certificate, said fee not to exceed the sum of $2.00, which fee is to be deposited in the general fund of the Louisiana State Board of Medical Examiners."

Section 13 (as amended by Act 54 of 1918): "* * * If any person * * * who does not possess or shall not have recorded a license to practice medicine,

surgery or midwifery on human beings within this State as herein above mentioned as constituting the practice of medicine, he or she shall be deemed to be practicing medicine without complying with the provisions of this Act and in violation thereof."

Section 15 (not changed by Act 54 of 1918): "That any person practicing medicine or midwifery in any of its departments in this State without first having obtained the certificates or permit herein provided for or contrary to the provisions of this Act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than $50.00 or more than $100.00, or by imprisonment in the parish jail for a period of not less than ten days, or more than ninety days, or by both fine and imprisonment for each offense. * * *"

Section 16 (as amended by Act 54 of 1918):

"That the Louisiana State Board of Medical Examiners shall have the power to refuse to grant, or may suspend, any certificate issued through this Act for causes hereinafter enumerated or similar reasons: Said Board shall have the power to institute proceedings for the purpose of having the certificate or permit held by any person licensed through this act revoked. The court shall have the power to revoke a certificate or permit for the following causes: * * * [Here 16 causes are listed.]

"Any certificate revoked may be reinstated at the discretion of the Board."

The records before us disclose that Mrs. Bowden and Mrs. Reynolds, having satisfactorily passed the required examinations, received from the Louisiana State Board of Medical Examiners in 1927 and 1931, respectively, certificates or licenses to practice midwifery, and these were duly and timely recorded with the Clerk of Court for the Parish of Orleans. Until about 1944 the defendants annually renewed the certificates. Thereafter, including the years 1949 and 1950, they failed to comply with the renewal requirement. However, the Board of Medical Examiners has never taken any affirmative action with respect to the suspension, revocation, or cancellation from the records, of their original certificates or licenses.

Admitting that originally the defendants were properly licensed to practice midwifery, the district attorney takes the position that they are subject to the criminal penalties of the statute for having continued such practice without the annual renewals of their certificates. And with reference to this he says that the sole question for determination herein is (to quote from his brief) as follows: "Can one who has once been licensed as a midwife continue to hold herself out to the public as a midwife, although she has neglected, refused or failed to obtain the annual certificate required by law, without being in violation of the penal provisions of said law?"

In support of his mentioned position the district attorney directs our attention to that

portion of Section 9 of the statute (as amended) reading: "Every certificate issued through this Act shall be renewed annually on or before January 1st * * * and any certificate not renewed, after unanimous vote by said Board, is suspended; * * *." Then he suggests that this provision is to be interpreted as meaning that if the original certificate is not sought to be renewed and the renewal favorably voted upon by the entire Board it is automatically suspended, and that any practicing during the period of automatic suspension is contrary to and violative of the penal provisions of the statute.

The suggested interpretation does not accord with ours. The statute, it is true, requires an annual renewal of the original certificate. However, this renewal is made by the Secretary-Treasurer as a routine matter on receipt of the prescribed fee, not by the Board of Medical Examiners. Of course, the Board, for a failure to renew or for other mentioned causes, may suspend the certificate and may even institute judicial proceedings to obtain its revocation. And upon notification from the Secretary-Treasurer of a suspension or revocation the Clerk of Court must cancel the certificate's recordation. In the event of a suspension or revocation, together with the cancellation of the recordation, the originally qualified and licensed midwife is considered as not possessing and not having recorded a license; and her practicing under these circumstances is violative of the statute's penal provisions. But until and unless the Board has thus affirmatively acted a violation does not result.

The second paragraph of the above quoted Section 13 of Act 56 of 1914, as amended by Act 54 of 1918, describes what constitutes a violation of the statute, and it tends to support the view that we take herein. Unlike existing legislation relating to public accountants, cosmeticians, dentists, and registered and practical nurses, that section (as well as the other provisions of the statute in question) recites nothing about the cessation of privileges or rights under the original certificate upon failure to effect an annual renewal. It merely declares a violation of the statute to be the practicing by any person who does not possess and shall not have recorded a license.

Important to consider here, moreover, is the well settled principle that in a criminal prosecution the statute on which it is based must be strictly construed and any doubt as to its interpretation must be resolved in favor of the accused. State v. DeGeneres, 194 La. 574, 194 So. 24; State v. Gehlbach, 205 La. 340, 17 So.2d 349; State v. Truby et al., 211 La. 178, 29 So.2d 758.

Since the State has not shown that the original licenses of Mrs. Bowden and Mrs. Reynolds were suspended or revoked, as well as the recordation thereof cancelled, we must hold that those defendants are not guilty of the charge of practicing midwifery without a certificate or permit from

the Louisiana State Board of Medical Examiners.

For the reasons assigned the conviction and sentence of the defendant herein (Mrs. E. Bowden), as affirmed by the Appellate Division No. 1 of the Criminal District Court for the Parish of Orleans, are annulled and set aside, and such defendant is discharged.

FOURNET, C. J., concurs in the decree.