87 So.2d 115 (1956)
229 La. 882
STATE of Louisiana
v.
O. H. VIATOR and Mrs. O. H. Viator et al.
No. 42680.
Supreme Court of Louisiana.
March 26, 1956.
*116 Gravel, Humphries, Sheffield & Mansour, Alexandria, for relators.
Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Ben F. Thompson, Dist. Atty., A. M. D'Angelo, Edwin O. Ware, Asst. Dist. Attys., Alexandria, for respondent.
SIMON, Justice.
These cases[1] are consolidated criminal prosecutions under the provisions of LSA-R.S. 14:91 against the therein named defendants, who are relators herein, and who were charged in separate bills of information with selling and delivering "intoxicating and spirituous liquors, to-wit: beer to * * * a person eighteen year of age".
In response to relators' motions for bills of particulars, the State of Louisiana voluntarily revealed that it was prosecuting these relators for violation of LSA-R.S. 14:91, said section being known and designated as: "Unlawful sales to minors".
Relators each filed a motion to quash, attacking the legality and validity of the bills of information charging the offense named therein as not being in violation of LSA-R.S. 14:91, under which these prosecutions are brought. The motions were overruled, and upon trials had each of the defendants was found guilty as charged and duly sentenced. The sentences imposed by the trial court were not such as would vest appellate jurisdiction in this court. Upon application by relators, we granted writs, with a stay order, to review the validity of the said proceedings had below.
The prohibition of LSA-R.S. 14:91 insofar as applicable and pertinent herein and under which convictions were obtained against relators, is: "* * * the selling, or otherwise delivering for value by anyone over the age of seventeen of any intoxicating or spirituous liquors, * * * to any person under the age of twenty-one. * * *"
In each of the bills of information, relators are charged that they "* * * did * * * sell and deliver for money * * * intoxicating and spirituous liquors, to-wit: beer to * * * a person eighteen (18) years of age".
Relators contend (1) that there is no provision of law nor any jurisprudence of this state which provides or holds that beer is an intoxicating or spirituous liquor, the sale of which to persons under the age of 21 is prohibited by LSA-R.S. 14:91; and (2) that no evidence whatsoever was presented by the State to show that the particular beverage sold by relators to the *117 State's witnesses was intoxicating or spirituous liquor, or of low or high alcoholic content or of any alcoholic content whatsoever.
The initial question presented to us is not whether beer is an intoxicant or an alcoholic beveragea question of fact determinable only by the trial courtbut whether it is an intoxicating or spirituous liquor, the sale of which to any person under the age of 21 is violative of the provisions of LSA-R.S. 14:91.
LSA-R.S. 26:285 specifically prohibits the sale of beverages of low alcoholic content to persons under the age of 18 years, and reads:
"No person holding a retail dealer's permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises:
"(1) Sell or serve beverages of low alcoholic content to any person under the age of eighteen years." (Emphasis ours.)
Thus we have two prohibitive laws designating the ages of the persons to whom the sale of intoxicating or spirituous liquors and beverages of low alcoholic content cannot be sold. Both statutes are penal.
It has long been the unshaken rule of this State that penal statutes must be strictly construed and cannot be extended to cases not included within the clear import of its language.
In the case of State v. Truby, 211 La. 178, 29 So.2d 758, 767, with Justice Hawthorne as the organ of the court, we said:
"`Unless an act can be brought within the meaning of the words of a criminal statute, it is not a crime, though it comes within the mischief sought to be remedied, and is of equal atrocity with the acts enumerated and denounced by the statute. State v. Fontenot, 112 La. 628, 36 So. 630; State v. Brinson, 149 La. 320, 89 So. 18.'"
In State v. Vallery, 212 La. 1095, 34 So. 2d 329, 331, with Chief Justice Fournet as the author, we said:
"* * * no one can be held accountable, or subjected to criminal prosecution, for any act done by him unless and until that act has been denounced as a crime and has been made punishable in a statute that defines the act sought to be denounced with such precision the person sought to be held accountable will know his conduct is such that it falls within the purview of the act intended to be prohibited." See, also, State v. Whitlock, 193 La. 1044, 192 So. 697; State v. Penniman, 224 La. 95, 68 So.2d 770.
It is equally well recognized that where there exists any doubt as to the interpretation of a statute upon which a prosecution is based, such doubt must be resolved in favor of the accused. State v. Bowden, 220 La. 13, 55 So.2d 764.
In the enactment of our Revised Statutes the Legislature adopted certain principles of interpreting penal statutes as set forth in LSA-R.S. 14:3:
"The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." (Italics ours.)
Accordingly, to interpret intoxicating or spirituous liquor, "according to the fair import of their words, taken in their usual sense, in connection with the context," we must examine the context and laws in pari materia upon the subject matter dealing with liquors. This practice of codal and statutory construction is in line with the spirit of our law as found in Article 17, LSA-Civil Code, which provides:
"Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another."
And LSA-R.S. 1:3 provides:
*118 "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
"The word `shall' is mandatory and the word `may' is permissive."
In the recent case of State ex rel. Fudickar v. Heard, 223 La. 127, 65 So.2d 112, 114, Chief Justice Fournet, as the organ of the court, pointedly declared:
"It is to be remembered that the Revised Statutes constitute a single act of the Legislature, adopted as a whole; different sections should be regarded not as separate acts, but as simultaneous expressions of the legislative will, and all provisions should be construed together and reconciled whenever possible. In adopting the [LSA-] Revised Statutes of 1950, the Legislature incorporated both LSA-R.S. 42:371 and 42:373, giving equal dignity to each; we must take them as written, and not search through the history of the acts carried into the Revised Statutes for defects, when reading of the sections, disassociated from their history, presents no insuperable difficulty of construction. * * *" See, also, City of Alexandria v. La Combe, 220 La. 618, 57 So.2d 206; Chappuis v. Reggie, 222 La. 35, 62 So.2d 92; State ex rel. LeBlanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192.
Our law treating the subject matter of liquors and alcoholic beverages is found in Title 26 of our LSA-Revised Statutes, entitled "LiquorsAlcoholic Beverages". The preliminary definition provision of LSA-R.S. 26:2, entitled "Alcoholic Beverage Control Law" provides in part:
"(1) `Alcoholic beverages' means any fluid or solid capable of being converted into fluid, suitable for human consumption and having an alcoholic content of more than six per cent by volume, including alcohol.
"(2) `Liquor' means any distilled or rectified alcoholic beverage."
In the definition provision of LSA-R.S. 26:241, entitled "Collector of Revenue", a clear distinction is made between liquor and malt beverage:
"(1) `Alcoholic beverages' means any fluid or any solid capable of being converted into fluid, suitable for human consumption, and containing more than one-half of one per-cent alcohol by volume, including malt, vinous, spiritous, alcoholic or intoxicating liquors, beer, porter, ale, stout fruit juices, cider, or wine.
"(a) `Beverages of low alcoholic content' means alcoholic beverages containing not more than six per cent alcohol by volume.
"(b) `Beverages of high alcoholic content' means alcoholic beverages containing more than six per cent alcohol by volume.
"(2) `Liquors' means all distilled or rectified alcoholic spirits, brandy, whiskey, rum, gin, and all similar distilled alcoholic beverages, including all dilutions and mixtures of one or more of the foregoing, such as liquors, cordials, and similar compounds.

* * * * * *
"(5) `Malt beverages' means beverages obtained by alcoholic fermentation of an infusion, or concoction, of barley or other grain, malt, and hops in water, including, among other things, ale, beer, stout, porter, and the like."
For the purpose of levying taxes on alcoholic beverages a distinction is made between liquors and malt beverages in LSA-R.S. 26:341 as follows:
"(1) Liquors: at the rate of one dollar and fifty-eight cents per standard wine gallon.

* * * * * *
"(4) Malt beverages: at the rate of ten dollars per barrel containing not more than thirty-one standard gallons and at a like rate for fractional parts of a barrel."
Thus we see that the words "alcoholic beverage" as defined by LSA-R.S. 26:241 *119 are employed in Title 26 of the Revised Statutes to designate an all-inclusive term covering all alcoholic beverages. Manifestly, the Legislature intended a definite meaning to be ascribed to the term "beer" as opposed to "intoxicating or spirituous liquor", and when an all-inclusive term was necessary it employed the term "alcoholic beverages". It is equally manifest that when the Legislature adopted LSA-R.S. 14:91, the term "beer" was and is intended to be exclusive of intoxicating or spirituous liquor.
In other sections of Title 26 of our LSA-Revised Statutes[2] there are laws relating and pertaining to alcoholic beverages which include all beverages of every nature, kind and description containing alcohol of more than 3.2% by weight. From these sections it is clear that the words "alcoholic beverages" include beer as well as intoxicating or spirituous liquors. It is equally clear that the terms "beer" and "intoxicating or spirituous "liquor" are mutually exclusive.
As aforestated, the sale of beverages of low alcoholic content to persons under the age of 18 years is specifically prohibited. LSA-R.S. 26:285. The penalty for violating this prohibition of our law is set forth in LSA-R.S. 26:521,[3] which violation is sufficient cause for the suspension or revocation of a retail dealer's permit.
It is apparent, therefore, that there is a specific prohibition against and the penalty is provided for those cases where a beer dealer, his servant, agent or employee sells beer to a person under the age of 18 years. Conversely, there is no violation of the specific law dealing with the specific offense of selling beer to a person under the age of 18 and, therefore, no penalty can be imposed when beer[4] is sold to persons 18 years of age or over.
We therefore conclude that the prohibition against the sale of liquors[5] contained in LSA-R.S. 14:91 does not include the sale of beer, a malt beverage,[6] to a person 18 years of age or over. It necessarily follows that the bill of information charges no offense denounced by our statutes.
In view of the foregoing conclusions reached by us, there is no necessity to consider or determine the second issue raised by relators as to the nonexistence of evidence.
Accordingly, it is ordered, adjudged and decreed that the convictions and sentences in these consolidated cases are reversed and set aside and the respective defendants discharged.
McCALEB, Justice (concurring).
I entertain doubt that the definitions set forth in R.S. 26:2 and R.S. 26:241 can be employed for the purpose of determining the scope and meaning of the phrase "of any intoxicating or spirituous liquors" as used in the penal law, R.S. 14:91. Since the definitions set forth in the Alcoholic Beverage Control Law, R.S. 26:1-191, and those of Chapter 2 of Title 26 of the Revised Statutes are specifically restricted "for the purposes of this Chapter", the doctrine that laws in pari materia must be construed together may not be applicable.
However, I am convinced that R.S. 14:91 does not make it unlawful to sell beer to minors under the age of 21. The conduct denounced, so far as applicable here, is the sale to a minor "of any intoxicating or spirituous liquors". It is my opinion that *120 the conjunction "or", as used in the statute, is synonymous with "to wit" and that, therefore, the word "spirituous" which follows it is descriptive of the kind of intoxicating liquors the sale of which to minors is forbidden. And clearly beer is not a spirituous liquor. If the Legislature had intended to make criminal the sale to minors of all intoxicating liquors, including those of small alcoholic content, such as beer, there was no reason for the insertion of the words "or spirituous" between the words "intoxicating liquors" as it is undeniable that the term "intoxicating liquors" embraces spirituous liquors. Thus, the conjunction "or", as used in the statute, cannot be viewed as an alternative, i. e., as defining another illegal type of sale, but rather as a disjunctive particle employed to clarify the meaning of the word "intoxicating", as applied to liquors. Used in this sense, "or" means "in other words", "to wit" or "that is to say". See Black's Law Dictionary, 3rd Ed., page 1296 and Peck v. Board of Directors, 137 La. 334, 68 So. 629.
I concur in the decree.
HAWTHORNE, Justice (dissenting).
The holding of the majority of the court that beer is not an intoxicating liquor within the meaning of Article 91 of the Criminal Code, R.S. 14:91, is clearly erroneous, and I cannot subscribe to it. Article 91 provides:
"Unlawful sales to minors is the selling, or otherwise delivering for value by anyone over the age of seventeen of any intoxicating or spirituous liquors * * * to any person under the age of twenty-one. * *" (All italics in quoted matter are mine.)
The majority evidently believe that the phrase "any intoxicating or spirituous liquors" as used in this statute has a doubtful meaning; otherwise they would have no right, in order to determine the meaning of the phrase, to invoke Article 17 of the Civil Code, which provides:
"Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another."
To determine the so-called doubtful meaning of the phrase "any intoxicating or spirituous liquors", however, the majority do not apply the rule of interpretation found in Article 3 of the Criminal Code, R.S. 14:3, although professing to do so. Instead they depart entirely from the Criminal Code itself and proceed to examine Chapters 1 and 2 of Title 26 of the Revised Statutes, particularly R.S. 26:2 and 26:241, which they say are in pari materia with Article 91 of the Criminal Code.
It is quite true that under R.S. 26:2 and 26:241 the definition of the term "liquor" does not include beer, for liquor is defined as "any distilled or rectified alcoholic beverage",[1] and "malt beverages" are defined as "beverages obtained by alcoholic fermentation of an infusion, or concoction, of barley or other grain, malt, and hops in water, including, among other things, ale, beer * * * and the like".[2] The majority, however, do not mention the fact that in each of the very sections in which these definitions are given the statute says "For the purposes of this Chapter, the following terms have the respective meanings ascribed to them in this Section * * *", which obviously means that these definitions of the terms "liquor" and "malt beverages" are restricted to Chapters 1 and 2 of Title 26 of the Revised Statutes and cannot be used in interpreting the articles of the Criminal Code and other statutes of this state.
Moreover, even if the definitions of the terms found in R.S. 26:2 and 26:241 were not restricted by the very provisions of these sections, it would be improper to apply the rule of interpretation set forth in Article 17 of the Civil Code. Article 91 of the Criminal Code is not in pari materia with Chapters 1 and 2 of Title 26 of the Revised Statutes of 1950, because the scope, aim, and purpose of Article 91 and of these chapters *121 of Title 26 are distinct and unconnected. Article 91 is found in the Criminal Code and deals with offenses affecting the health and morals of minors. As the State in brief aptly says, Chapter 1 of Title 26 "has for its purpose the granting of authority to the Alcohol Beverage Control Board, now transferred to the Department of Revenue, to regulate and supervise the traffic in alcoholic beverages. Chapter 2 of said Title 26 has for its purpose the regulation of traffic in alcoholic beverages, the issuance of permits and license for the sale thereof, the collection of tax on the sale of alcoholic beverages, the causes for the suspension or revocation of licenses and permits and restrictions under which the dealer may operate".
An act which incidentally refers to the subject dealt with in another act is not in pari materia with that other act if its scope and aim are distinct and unconnected. Malone v. Cannon, 215 La. 939, 41 So.2d 837.
The only rule needed for the interpretation of the phrase "any intoxicating or spirituous liquors" is that found in Article 3 of the Criminal Code itself, which provides:
"The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision."
With this rule in mind let us now see what is a fair import of the words "intoxicating or spirituous liquors", taken in their usual sense, in connection with the context, and with reference to the purpose of the provision of the statute.
Black's Law Dictionary defines "intoxicating liquor" as follows:
"Any liquor used as a beverage, and which, when so used in sufficient quantities, ordinarily or commonly produces entire or partial intoxication; any liquor intended for use as a beverage or capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such proportion that it will produce intoxication when imbibed in such quantities as may practically be drunk."
In defining "beer" this dictionary notes:
"In its ordinary sense, it denotes a beverage which is intoxicating * * *; and is within the fair meaning of the words `strong or spirituous liquors,' used in the statutes on this subject. * * *"
See also State v. Coco, 152 La. 241, 92 So. 883; cf. State v. Scott, 221 La. 643, 60 So.2d 71.
To me it clearly follows that the phrase "intoxicating or spirituous liquors" means any beverage or liquid capable of producing intoxication, and this is a question of fact rather than an issue of law. In the instant case evidence was introduced in the trial court to show that the beer sold by these defendants was in fact intoxicating, and that should end the matter.
The conclusion of the majority that beer is not included in the term "intoxicating or spirituous liquors" as used in Article 91 has a far reaching effect. There are numerous articles of the Criminal Code and other statutes which use the term "intoxicating liquor", and this decision will partially or completely destroy the object and effectiveness of these statutes. See, for example, Articles 92 and 98 of the Criminal Code, R.S. 14:92 and 14:98; R.S. 18:333, 366, 367, and 1181; R.S. 23:311; R.S. 29:30.
To illustrate, Article 92 of the Criminal Code includes in the definition of contributing to the delinquency of juveniles the permitting of any child under the age of 17 to "Visit any place where spirituous or intoxicating liquors are the principal commodity sold or given away". Where beer only is sold, under the majority holding in the present case there would be no violation of this statute.
Article 98 of the Criminal Code makes it an offense for a person to operate a vehicle while "under the influence of intoxicating *122 liquor". Under the majority holding, no offense would be committed if someone operated a vehicle while intoxicated on beer.
R.S. 18:333 provides that no polling place shall be established or election held "in any place where intoxicating liquors are dispensed". R.S. 18:366 provides that "All places where liquors are kept, within one mile of a ward or precinct wherein an election is being held, shall be closed during the day of the election until twelve midnight". R.S. 18:367 provides that "No one shall have in his possession any intoxicating liquor in a polling place". Under the majority holding beer would be excluded from the purview of these election statutes.
R.S. 23:311 prohibits the employment of a female in "any place of amusement where intoxicating liquors are made or sold", and R.S. 29:30 permits the commanding officer of military forces of this state on active duty to "order the closing of any place where * * * intoxicating liquors are sold". Apparently the majority opinion would permit women to be employed where beer alone is sold, and would prohibit the commanding officer of the military from ordering the closing of an establishment which sells only beer.
These illustrations make it abundantly clear why the lawmakers expressly limited the definition of "liquor" given in Chapters 1 and 2 of Title 26 to the provisions of those chapters.
As to the concurring opinion in the instant case, its reasoning is ingenious, but in my opinion it is overly technical and fundamentally unsound. Moreover it violates the rule of interpretation set out in Article 3 of the Criminal Code. In its usual sense the conjunction "or" is a disjunctive particle used to express an alternative or to give a choice of one among two or more things. See Black's Law Dictionary, 3rd Ed., page 1296.
Furthermore, the reasoning in the concurring opinion can easily be reduced to an absurdity. The very next article of the Criminal Code, Article 92, which defines the crime of contributing to the delinquency of juveniles, contains the phrase "spirituous or intoxicating liquors" in paragraph (3). Following the reasoning of the concurring opinion, are we to deduce that this means "spirituous, to-wit intoxicating liquors"? If so, then apparently the Legislature thinks the two terms are synonymous, and therefore the term "spirituous liquor" must include beer.
I respectfully dissent.
NOTES
[1] State of Louisiana v. O. H. Viator and Mrs. O. H. Viator; State of Louisiana v. O. H. Viator and Mrs. O. H. Viator; State of Louisiana v. M. J. Langdon and Mrs. Viola M. Langdon; State of Louisiana v. M. J. Langdon and Mrs. Viola M. Langdon; State of Louisiana v. Joe Carlino, Mrs. Joe Carlino and Delois Meshell; State of Louisiana v. Joe Carlino, Mrs. Joe Carlino, and Delois Meshell.
[2] R.S. 26:641, 681, 682, 683, 711, 712, 713, 714, 715, 741.
[3] "* * * whoever violates any provision of this Chapter shall, for the first offense, be fined not less than one hundred dollars nor more than five hundred dollars or imprisoned for not less than thirty days nor more than six months, or both. * * *"
[4] Defined in LSA-R.S. 26:241 to be a malt beverage of low alcoholic content.
[5] As defined in LSA-R.S. 26:241.
[6] Ibid Note 5.
[1] R.S. 26:2(2).
[2] R.S. 26:241(5).