95 So.2d 650

**STATE of Louisiana**

**v.**

**Emilee Brownell GUIMBELLOT.**

No. 43313.

May 6, 1957.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Bertrand De Blanc, Dist. Atty., Lafayette, Charles T. Everett, Asst. Dist. Atty., Crowley, for relator.

Gravel, Humphries, Sheffield & Mansour, Alexandria, Chappuis & Chappuis, Crowley, for respondent.

HAMLIN, Justice ad hoc.

In the exercise of our supervisory control (Article VII, Sec. 10, Louisiana Constitution of 1921–LSA), we granted writs to review a judgment of the Fifteenth Judicial District Court for the Parish of Acadia, State of Louisiana, which quashed a bill of information charging the defendant with violating LSA–R.S. 51:191 and 51:192—said bill of information reading, in part, as follows:

"*　*　*　*　Emilee Brownell Guimbellot* at the Parish of Acadia *on* or about the 7th day of October in the year of Our Lord, one thousand nine hundred and fifty six (1956), *a Sunday,* between the hours of 10 o'clock A.M. and 12:30 o'clock P.M., *being the proprietor of a restaurant,* the Evangeline Cafe, a place of business located in the Parish of Acadia, licensed under the laws of Louisiana and the Parish of Acadia, *did open said place of business and did then and there sell* to one Evans LeJeune, six (6) cans containing Falstaff *beer,* being merchandise and stock kept in said establishment and being *an intoxicating* alcoholic *malt liquor;* in violation of R.S. 51:191 & 192 and as defined therein,　*　*　*"

The pertinent portion of the motion to quash reads as follows:

"That on the face of said information the defendant is alleged to have sold six (6) cans containing beer and which is alleged to be an intoxicating malt liquor; that under the laws of the State of Louisiana, beer is a malt beverage and is not classified as an intoxicating liquor and consequently beer is not a commodity, the sale of which on Sunday is prohibited by the laws of the State of Louisiana."

LSA–R.S. 51:191 (The Sunday Closing Law) provides:

"All stores, shops, saloons, and all places of public business, licensed under the law of Louisiana or under any parochial or municipal law and all plantation stores, shall be closed at twelve o'clock on Saturday nights, and remain closed continuously for twenty-four hours, during which time no proprietor thereof shall give, trade, barter, exchange or sell any of the stock or any article of merchandise kept in his establishment.

"Whoever violates this Section shall be fined not less than twenty-five dollars nor more than two hundred and fifty dollars, or imprisoned for not less than ten days nor more than thirty days, or both for each offense."

However, LSA–R.S. 51:192 enumerates certain businesses exempt from the provision of LSA–R.S. 51:191, and reads as follows:

"*The provisions of R.S. 51:191 shall not apply* to newsdealers, the sale of ice, watering places and public parks, places of resort for recreation and health, newspaper offices, keepers of soda fountains, printing offices, book stores, drug stores, apothecary shops, undertaker shops, public and private markets, bakeries, dairies, livery stables, railroads, whether steam or horse, hotels, boarding houses, steamboats and other vessels, warehouses for receiving and forwarding freights, *restaurants,* telegraph offices and theaters, or any place of amusement, *unless intoxicating liquors are sold in the premises.* Stores may be open for the purpose of selling anything necessary in sickness and for burial purposes.

"Hotels or boarding houses may sell wine for table use on Sundays. *No alcoholic, vinous or malt liquors shall be* given, traded or bartered or *sold* or delivered in any public place *on Sundays,* except when administered or prescribed by a practicing physician in the discharge of his professional duties. In which case the physician administering the intoxicating liquors may charge therefor." (Emphasis ours.)

LSA–R.S. 26.241(5), as amended by Act 123 of 1956, now reads:

" 'Malt beverages' means beverages obtained by alcoholic fermentation of an infusion, or concoction, of barley or other grain, malt, and hops in water, including among other things, ale, beer, stout, porter, and the like. *Malt beverages are exclusive of all 'liquors' whether they be defined as intoxicating or spirituous liquors or as alcoholic, vinous, or malt liquors, or however otherwise defined as liquors."* (Emphasis ours.)

In the case of State v. Viator, 229 La. 882, 87 So.2d 115, this Court held that beer is a "malt beverage" and is not classified as a "liquor". We did not hold that beer is not an "intoxicating beverage".

We agree with our learned brother below in his analysis of the Viator case, supra, and of LSA–R.S. 26:241(5), as amended by Act 123 of 1956, in view of its clear and unmistakable provisions. Therefore, we find no error in his judgment quashing the bill of information, and we quote from his opinion as follows:

" * * * In State v. Viator, supra, the Supreme Court applied the statutory definition of the words 'intoxicating or spiritous liquor' as is found in Louisiana Revised Statutes of 1950, Title 26, Section 241, to the language found in Article 91 of the Louisiana Criminal Code (Title 14; Sec. 91 of

the Revised Statutes), and held squarely that beer was not included in the word 'liquor,' but was in fact defined by that statute as a 'malt beverage,' since 'liquors' contemplate only distilled or rectified alcoholic beverages and not those obtained by alcoholic fermentation of grain, malt and hops in water, which latter class included beer." (Emphasis ours.)

"Following this decision, the legislature of 1956, adopted Act No. 123 of 1956, which amended Title 26, Section 241 of the Revised Statutes, so that 'malt beverages' are now defined as follows; the underlined portions having been added by the 1956 amendment:

" '241. The following terms have the respective meanings ascribed to them, except in those instances when the context indicates a different meaning:

(5) 'malt beverages' means beverages obtained by alcoholic fermentation of an infusion, or concoction of barley or other grain, malt and hops in water, including, among other things, ale, beer, stout, porter and the like. *Malt beverages are exclusive of all 'liquors' whether they be defined as intoxicating or spiritous liquors, or as alcoholic, vinous, or malt liquors, or however* otherwise defined as liquors.'

" * * * * * *

"How the law reads and what acts are prohibited constitute political questions which address themselves to the legislature and not to the Courts. The legislature has seen fit to restrict the meaning of the word 'liquor,' and to specifically and emphatically exclude beer from this category, and penal laws dealing with this subject must be read accordingly.

" * * * * * *

■■ "The Court is of the opinion that beer is not embraced within the term 'intoxicating liquor' as it appears in LSA R.S. 51:192, and that defendant's place of business being exempt from the Sunday Closing Law, the prosecution in this case is without merit and the motion to quash is sustained. * * * "

For the reasons assigned, the judgment of the district court is affirmed.

HAMITER, Justice (dissenting).

Contrary to the interpretation which some persons have given it, our holding in State v. Viator, 229 La. 882, 87 So.2d 115, 116, was not that beer is non-intoxicating. In that case the court was reviewing convictions on the charge that each defendant had sold and delivered "beer to * * * a person 18 years of age", and involved were two statutes

specifically dealing with the sale of intoxicants to minors. One of the statutes prohibited the selling of intoxicating or spirituous liquors to any person under the age of 21 (LRS 14:91, for the violation of which the defendants were charged). The other prohibited the sale of beverages of low alcoholic content to any person under the age of 18 years (LRS 26:285). The rationale of the decision (holding that LRS 26:285 governed as to the sale of beer), as I understood it and which was the sole reason for my subscribing to the ruling, was that since the two statutes were in pari materia (both related to the same subject matter—the sale of intoxicants to minors) they should be considered together in determining the meaning of LRS 14:91 on which the prosecutions were based.

In the instant case, however, the two statutes involved do not pertain to the same subject matter; hence, they are not in pari materia and it is improper to consider them together. One relates generally to the granting of permits for the sale of alcoholic beverages (LRS 26:241 et seq., as amended by Act 123 of 1956). The other deals specifically with the regulation of business operations on Sundays (LRS 51:191 and 192). And when considered alone, LRS 51:192 undoubtedly prohibits the Sunday sale of beer, for it provides that "No alcholic, vinous or *malt liquors* shall be * * * sold or delivered in any

public place on Sundays * * *." Often, this court has indicated that the phrase "malt liquors" includes intoxicating beer. See Town of Mandeville v. Baudot, 49 La. Ann. 236, 21 So. 258; Sate v. Maroun, 128 La. 829, 55 So. 472 and City of Shreveport v. Smith, 130 La. 126, 57 So. 652. (Emphasis mine.)

I respectfully dissent.

HAWTHORNE, Justice (dissenting).

It is my view that beer is a malt liquor as that term is used in R.S. 51:192. See definition of "malt liquor", 30 Am.Jur. 256, and of "beer", 48 C.J.S. Intoxicating Liquors § 13, p. 140.

I think the majority has erred in two respects:

First, since the term "malt liquors" in the statute under consideration is clear and unambiguous and includes beer, there is no reason for applying the pari materia rule to obtain a definition of this term.

Second, R.S. 51:192 and R.S. 26:241 are not laws in pari materia. See dissent in State v. Viator, 229 La. 882, 87 So.2d 115. R.S. 51:192 deals with the Sunday law and the regulation of certain businesses on the Sabbath. Chapter 2 of Title 26 has for its purpose the regulation of traffic in alcoholic beverages, the issuance of permits and licenses for the sale thereof, the collection of taxes on the sale of alco-

holic beverages, the causes for suspension or revocation of permits, and restrictions under which the dealer may operate. Thus it can be plainly seen that the scope and aim of the two statutes are distinct and unconnected. See Malone v. Cannon, 215 La. 939, 41 So.2d 837.