DIXON, Justice.
The trial judge sustained a motion to quash a bill of information charging that defendant, Sydney “Bo” Peterson, “being over the age of 17, did sell an alcoholic beverage of either high or low alcoholic content (Miller’s Lite Beer) to a person under the age of 18, in violation of RS 14:91, . ” On the application of the State, we granted writs.
The trial judge found the statute (R.S. 14:91) vague and overbroad, because it did not contain a definition of “alcoholic beverage of either high or low content.”
In 1972 R.S. 14:91 was amended to substitute “alcoholic beverage either of high or low alcoholic content” for “intoxicating or spirituous liquors.” As amended, R.S. 14:91 conformed with R.S. 14:91.1, 91.2 and 91.3, which prohibit purchases of “alcoholic beverage either of high or low alcoholic content” by or for persons under 18. R.S. 14:91.4 referred retail dealers of the same beverages to the responsibilities imposed upon them by Title 26 of the Revised Statutes. All four sections were enacted by Act 315 of 1958.
This act followed the 1956 decision of this court in State v. Viator, 229 La. 882, 87 So.2d 115, where it was held that beer was not an “intoxicating or spirituous liquor” under R.S. 14:91. The court held that beer, a malt beverage, was not a “liquor,” which is defined in R.S. 26:2 as a distilled or rectified alcoholic beverage. (See also State v. Guimbellot, 232 La. 1043, 95 So.2d 650 (1957); 18 La.L.Rev. 123 (1957)).
It is clear that R.S. 14:91.1-4 relate to the definitions of alcoholic beverages in Title 26 of the Revised Statutes, and equally clear that the 1972 amendment intended that “alcoholic beverages either of high or low alcoholic content” mean the same in Title 14 as in Title 26 of the Revised Statutes.
“For purposes of this Chapter, the following terms have the respective meanings ascribed to them in this Section, unless a different meaning clearly appears from the context:
“(1) ‘Alcoholic beverages’ means any fluid or solid capable of being converted into fluid, suitable for human consumption and having an alcoholic content of more than six per cent by volume, including alcohol.
“(2) ‘Liquor’ means any distilled or rectified alcoholic beverage.
“ . . . ” R.S. 26:2(1) and (2).
“The following terms have the respective meanings ascribed to them, except in those instances where the context indicates a different meaning:
“(1) ‘Alcoholic beverages’ means any fluid or any solid capable of being converted into fluid, suitable for human consumption, and containing more than one-half of one per cent alcohol by volume, including malt, vinous, spiritous, alcoholic or intoxicating liquors, beer, porter, ale, stout fruit juices, cider, or wine.
“(a) ‘Beverages of low alcoholic content’ means alcoholic beverages containing not more than six per cent alcohol by volume. “(b) ‘Beverages of high alcoholic content’ means alcoholic beverages containing more than six per cent alcohol by volume. “(2) ‘Liquors’ means all distilled or rectified alcoholic spirits, brandy, whiskey, rum, gin, and all similar distilled alcoholic beverages, including all dilutions and mixtures of one or more of the foregoing, such as liquors, cordials, and similar compounds.

“(5) ‘Malt beverages’ means beverages obtained by alcoholic fermentation of an infusion, or concoction, of barley or other grain, malt, and hops in water, including among other things, ale, beer, stout, porter, and the like. Malt beverages are exclusive of all ‘liquors’ whether they be defined as intoxicating or spiritous liquors, or as alcoholic, vinous, or malt liquors, or however otherwise defined as liquors.
“ . . . ” R.S. 26:241(1), (2), (5).
Since R.S. 14:91 is neither vague nor overbroad, the ruling of the trial judge holding it unconstitutional for such reasons *1040 is reversed, and the case is remanded to the district court for further proceedings.[1]

. We make no inquiry into the possible disjunctive charging (C.Cr.P. 480) because the matter has not been argued before us.